IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 22, 2019 Session

## STATE OF TENNESSEE EX REL. CLAIBORNE COUNTY v. DELINQUENT TAXPAYER ALBERTANO ALVAREZ, ET AL.

**Appeal from the Chancery Court for Claiborne County**
**No. DT-6018666    Elizabeth C. Asbury, Chancellor**

_____

### No. E2018-01710-COA-R3-CV

_____

This appeal arises from the redemption of a parcel of real property purchased at a delinquent taxpayer sale.  The appellants were lienholders on a parcel of real property sold to a third party purchaser at a delinquent tax sale.  Within days after the tax sale, the lienholders filed a petition for redemption of the property.  In response, the purchaser filed a motion to protest the validity of the lien or, alternatively, a claim to recover the expenses that had been incurred to preserve the value of the property by clearing debris and personalty from the property.  The lienholders then filed a cross-claim alleging conversion and trespass to chattels.  After the purchaser withdrew his objection to the validity of the lien, a bench trial was conducted, and the trial court granted the lienholders' petition for redemption upon the following conditions relevant to this appeal: that they reimburse the purchaser in the amounts of $8,579.60 for expenses incurred in cleaning up the property and an additional $600.00 for the storage of personalty.  The lienholders' conversion and trespass to chattels claims were subsequently dismissed. Having determined that the expenses were incurred to prevent permissive waste on the property—and concluding that such expenses are recoverable despite having been incurred prior to the entry of the order confirming the sale—we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which. D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Lewis S. Howard, Jr. and Erin J. Wallen, Knoxville, Tennessee, for the appellants, E. G. Meek, Sr., and Shirley T. Meek.

David H. Stanifer, Tazewell, Tennessee, for the appellees, Shane Evans, and Nathan Earl Gilliam.

## OPINION

### BACKGROUND AND PROCEDURAL HISTORY

This cause of action originated in the Claiborne County Chancery Court (the "trial court") as an action for delinquent property taxes filed by the State of Tennessee *ex rel.* Claiborne County, Tennessee. E.G. Meek and Shirley Meek (together, "Appellants") are the beneficiaries of a deed of trust dated August 20, 2011 by Alberto Alvarez, pursuant to which a parcel of real property located at 2248 Old Highway 63, Speedwell, Tennessee (the "Property") was pledged to secure an indebtedness owed by Mr. Alvarez to Appellants. On April 1, 2017, Nathan Gilliam purchased the Property at a delinquent tax sale for the benefit of his friend, Shane Evans (together, "Appellees"). On April 11, 2017, Mr. Meek, as the lienholder under the deed of trust, filed a motion to redeem the Property pursuant to Tennessee Code Annotated section 67-5-2701. On April 26, 2017, twenty-five days after Mr. Gilliam purchased the Property at the tax sale, the trial court entered the order confirming the sale. Mr. Gilliam filed a motion to protest the redemption on May 9, 2017, asserting that Appellants did not have a proper lien on the Property. Alternatively, Mr. Gilliam filed a verified motion for lawful charges, seeking $8,579.60 in expenses he and Mr. Evans incurred in cleaning up the Property and for storage of chattels. Appellants filed a cross-claim against Appellees on June 22, 2017, asserting conversion and trespass to chattels claims with respect to a number of items, including, but not limited to, tools and a steel shed (the "Personalty"). Appellees filed an answer to the cross-claim on July 14, 2017, denying the claims.

The trial court conducted a bench trial on the competing claims and, on July 28, 2017, entered an order finding that Appellants' authority to redeem the Property was conditioned upon—as is relevant to the appeal before us—two factors: (1) reimbursement for the clean-up expenses incurred by Appellees in the amount of $8,579.60 and (2) reimbursement of a storage fee to Mr. Gilliam in the amount of $600.00. Appellants appealed the trial court's judgment, and, on July 24, 2018, this Court dismissed the appeal for lack of subject matter jurisdiction, having determined that the trial court had "made no express findings regarding [Appellants'] claims of conversion and trespass to chattels." *State ex rel. Claiborne Cty. v. Alvarez*, No. E2017-01683-COA-R3-CV, 2018 WL 3546783, at *4 (Tenn. Ct. App. July 24, 2018). On August 22, 2018, the trial court entered a second order, reiterating the holdings set forth in the original order, but also dismissing Appellants' conversion and trespass to chattel claims and providing that Appellants would be permitted to obtain from Appellees the property that was being held in storage upon payment of the requisite sums. Appellants timely filed their second notice of appeal on September 20, 2018.

**ISSUES PRESENTED**

Appellants raise two issues for review, which we restate as follows:

1. Whether the trial court erred in finding that Appellees are entitled to reimbursement for the expenses and storage fees incurred by them in connection with the Property.
2. Whether the trial court erred in dismissing Appellants' conversion and trespass to chattels claims.

**STANDARD OF REVIEW**

In non-jury cases, appellate courts review the trial court's factual findings de novo upon the record, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013). We review the trial court's resolution of questions of law de novo with no presumption of correctness. *See Armbrister*, 414 S.W.3d at 692.

**DISCUSSION**

**A. Appellees' Expenses**

The record on appeal reflects that, on April 1, 2017, Mr. Gilliam purchased the Property at a delinquent tax sale and that, on April 26, 2017, the trial court entered the order confirming the sale. During the twenty-five intervening days, Appellees incurred the expenses in dispute. Appellants argue on appeal that the trial court erred in finding that Appellees were entitled to reimbursement for such expenses because they were incurred prior to the trial court's entry of the order confirming the sale and, thus, prior to the passage of legal title to Mr. Gilliam.[1]

---

[1] Appellants also argued in their reply brief and at oral argument that there is no proof in the record on appeal to support the trial court's order that Appellees are entitled to reimbursement for their expenses in the amount of $8,579.60. Appellants, however, failed to raise this argument in their original appellate brief. *See In re Kentavious M.*, No. W2010-00483-COA-R3-PT, 2010 WL 5140598, at *7 (Tenn. Ct. App. Dec. 14, 2010) (citing Tenn. R. App. P. 27(a)(7)) ("Generally, this Court will not consider an argument raised for the first time at oral arguments."); *see also Owens v. Owens*, 241 S.W.3d 478, 499 (Tenn. Ct. App. 2007) (citing Tenn. R. App. P. 27(c)) ("A reply brief is a response to the arguments of the appellee. It is not a vehicle for raising new issues."). Therefore, we conclude Appellants' argument regarding the lack of proof is waived. Regardless, the record does contain a verified Redemption Protest Waiver—attached to which are receipts—in which Appellees averred under oath that a total of $8,579.60 was incurred in order to preserve the value of the Property.

Tennessee Code Annotated section 67-5-2701(a) provides the following procedure regarding the statutory right of redemption for owners of property sold to recover delinquent taxes:

> Upon entry of an order confirming a sale of a parcel, a right to redeem shall vest in all interested persons. The right to redeem shall be exercised within the time period established by this subsection (a) beginning on the date of the entry of the order confirming sale, but in no event shall the right to redeem be exercised more than one (1) year from that date.

Tenn. Code Ann. § 67-5-2701(a)(1). Moreover, it is well-settled that, in addition to any applicable statutory requirements, a tax-sale purchaser has a common-law obligation to refrain from committing permissive waste during the one-year redemption period. *State v. Delinquent Taxpayers*, No. M2004-00951-COA-R3-CV, 2006 WL 3147060, at \*7 (Tenn. Ct. App. Nov. 2, 2006). Therefore, it follows—and the statute provides—that, if the property is redeemed before the expiration of the one-year redemption period, the purchaser may recover from the redeeming party the "[r]easonable cost paid by the purchaser to avoid permissive waste of the parcel[.]" Tenn. Code Ann. § 67-5-2701(e)(3). The statute, however, does not address the explicit issue before this Court: namely, whether the tax-sale purchaser may recover such expenses incurred *prior* to the entry of the order confirming the sale and, thus, prior to the start of the one-year redemption period. While the statute is silent on this matter, we are guided by cases that indirectly address the issue.

In *State v. Delinquent Taxpayers*, the appellee purchased a home at a delinquent tax sale on June 19, 2002, but the trial court did not enter the order confirming the sale until August 9, 2002. *State v. Delinquent Taxpayers*, 2006 WL 3147060, at \*2. In the intervening days, the appellee made several repairs and improvements to the home and, after receiving the notice of redemption, sought reimbursement from the redeemer for the expenses she incurred repairing and improving the property. *Id*. On appeal, we concluded that "[w]hether particular work is compensable under Tenn. Code Ann. § 67-5-2704(a)[2] depends on the condition and use of the property *at the time of the tax sale*." *Id*. at \*9 (emphasis added). Additionally, we concluded that the appellee "may recover all or part of her expenditures" if she proved that such expenditures were compensable under Tennessee Code Annotated section 67-5-2704(a). *Id*. Accordingly, our ruling

---

[2] Tennessee Code Annotated section 67-5-2704(a) was repealed and reenacted in 2014 by Pubic Chapter 883, which took effect July 1, 2014. Prior to its repeal, Tennessee Code Annotated section 67-5-2704(a) required the party redeeming the property to pay the tax-sale purchaser any moneys "expended to preserve the value of the property." As reenacted—and in its current form—Tennessee Code Annotated section 67-5-2701 now requires the redeemer to pay, *inter alia*, the "[r]easonable cost paid by the purchaser to avoid permissive waste of the parcel." Tenn. Code Ann. § 67-5-2701(e)(3). *See also* Tenn. Op. Att'y Gen., No. 15-40, 2015 WL 1953700, at \*1 (Tenn. A.G. Apr. 23, 2015).

necessarily implies that expenses incurred prior to the entry of the order confirming the sale are recoverable, so long as they are proven pursuant to the statute.

We reached a similar conclusion in *Rutherford County v. Delinquent Taxpayers of Rutherford County*, where a tax-sale purchaser sought reimbursement for funds expended to prevent permissive waste on the subject property. *Rutherford Cty. v. Delinquent Taxpayers of Rutherford Cty.*, No. M2016-01254-COA-R3-CV, 2017 WL 5495401, at *1 (Tenn. Ct. App. Nov. 15, 2017). There, the appellant purchased a parcel of vacant property on June 20, 2013, but the trial court did not enter the order confirming the sale until July 17, 2013. *Id*. The trial court ultimately denied the appellant reimbursement on the basis that he had not obtained a writ of possession before incurring the expenses. *Id*. at *4. On appeal, however, we concluded that the appellant was not required to obtain a writ of possession before entering the property because the property was vacant.[3] *Id*. at *5. After concluding that the trial court erred in denying the appellant reimbursement, we additionally concluded that the condition and use of the property at the time of the tax sale determines whether expenses are compensable under Tennessee Code Annotated section 67-5-2704(a). *See id*. at *7 (citing *State v. Delinquent Taxpayers*, 2006 WL 3147060, at *9). Specifically, we noted the following:

> [The appellant's] testimony indicates that the Property was dilapidated and uninhabitable *when he purchased it at the tax sale*. [The appellant's] duty to refrain from committing permissive waste obligated him to make the Property "wind tight and air tight" and to stabilize the house in order to prevent additional deterioration.

*Id*. at *8 (emphasis added). Because determining whether the expenses incurred to preserve the value of and to avoid permissive waste on the property are recoverable depends on the condition and use of the property at the time of the tax sale, we conclude that a tax-sale purchaser's duty to prevent permissive waste attaches at the time of the tax sale; consequently, a tax-sale purchaser's statutory right to recover from the redeeming party the "[r]easonable cost paid by the purchaser to avoid permissive waste of the parcel" relates back to the time of the tax sale, as well.[4]

---

[3] We concluded that Tennessee Code Annotated section 67-5-2503

> obligates a tax sale purchaser to obtain a writ of possession before entering the property *when the taxpayer continues to occupy the property*. This interpretation is consistent with the function of a writ of possession: to prevent violence and breaches of the peace caused when a person uses self-help to gain possession of property occupied by another.

*Id*. at *6 (emphasis added).

[4] This approach is more equitable and practicable compared to that argued by Appellants—that a tax-sale purchaser can recover the expenses incurred to avoid permissive waste so long as those expenses were incurred subsequent to the entry of the order confirming the tax sale. Appellants' position, however,

Here, the record reflects that, prior to Mr. Gilliam's purchase of the Property on April 1, 2017, it had already been abandoned by the delinquent taxpayer. Appellees testified that, upon visiting the Property, they were concerned about its condition, noting the debris scattered across the Property. Additionally, Franklin Russell, a downstream neighbor, testified that he had contacted the Environmental Protection Agency and the Claiborne County Sheriff's Department "regarding dead animals in the creek and live animals caged or chained and was concerned about a health hazard." As this Court has noted, permissive waste "results from the failure of the possessor of property to exercise the reasonable care to preserve and protect the future estate or interest of another." *Id.* at *4 (citing *State v. Delinquent Taxpayers*, 2006 WL 3147060, at *7). The presence of debris scattered across the Property, dead animals in the creek, and living animals chained and caged up on the Property constitutes permissive waste. Accordingly, Appellees' duty to refrain from committing permissive waste obligated them to take reasonable action in order to prevent additional deterioration to the abandoned and vacant Property. Therefore, we conclude that the trial court did not err in finding that Appellees are entitled to reimbursement for the expenses incurred in satisfying that duty.

Appellants also argue that the trial court erred in finding that Appellees were entitled to reimbursement for their expenses because Appellees incurred such expenses of their own volition rather than as a result of an official order or other authorization. Tennessee Code Annotated section 67-5-2701(e)(4) provides that a tax-sale purchaser may recover from the redeemer the "[r]easonable expenses paid by the purchaser as a result of a judicial or administrative order or other official notice requiring the purchaser to immediately bring the property into compliance with applicable building code or zoning regulations[.]" Tenn. Code Ann. § 67-5-2701(e)(4). Tennessee Code Annotated section 67-5-2701(e)(4), however, is just one of six possible expenses a tax-sale purchaser may recover from a redeemer. *See* Tenn. Code Ann. § 67-5-2701(e)(1)-(6). Accordingly, our conclusion that Appellees are entitled to reimbursement for the "[r]easonable cost paid by the purchaser to avoid permissive waste of the parcel[,]" Tenn. Code Ann. § 67-5-2701(e)(3), pretermits this issue.

### B. Conversion and Trespass to Chattels Claims

Appellants also argue that the trial court erred in finding that they were not entitled to damages, including punitive damages, associated with the removal of the Personalty from the Property by Appellees. We disagree. The Statement of the Evidence provides that, at trial, Appellees

---

neglects the possibility—and what appears to be the reality—that a lag time exists between the tax sale and the entry of the order confirming the sale. Indeed, in *State v. Delinquent Taxpayers* and *Rutherford County v. Delinquent Taxpayers of Rutherford County*, fifty-two and twenty-eight days, respectively, passed between the tax sale and the entry of the orders confirming the sales. Appellant's position is incongruous with a tax-sale purchaser's duty to prevent permissive waste and that purchaser's right to be reimbursed for satisfying that duty.

testified upon contacting the Sheriff's Department they began to clean up the subject property as to the debris[,] and what was considered to be of no value was taken to the Claiborne County Landfill and what personal property was considered to be of any value was put in storage by Mr. Evans.

As discussed in the previous section, a tax-sale purchaser's duty to prevent permissive waste attaches at the time of the tax sale. By removing the debris from the Property, Appellees acted pursuant to their duty to prevent permissive waste. Similarly, with regard to the Personalty, Appellees held items with any value in safekeeping while they improved the condition of the Property.[5] With respect to the circumstances before us, this Court is of the opinion that conversion and trespass to chattels claims cannot be maintained against a tax-sale purchaser who is doing no more than acting in accordance with his or her common law duties. Moreover, in dismissing Appellants' conversion and trespass to chattels claims against Appellees, the trial court ordered that Appellants "shall be permitted to obtain from [Appellees] the property that is being held in storage[.]" Accordingly, we conclude that the trial court did not err in dismissing Appellants' conversion and trespass to chattels claims.

CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
ARNOLD B. GOLDIN, JUDGE

---

[5] Our review of the record on appeal does not indicate that Appellants offered any proof at trial that either identified or reflected the value of the disposed chattels. As a result, we conclude that this issue is waived.